# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **EVANDON H. HOOPER,** | ) |  |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) | **Case No.:** 14-cv-2398 |
| **v.** | ) |  |
|  | ) |  |
| **MILLENNIUM RAIL, INC.,** | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| **And** | ) |  |
|  | ) |  |
| **WATCO MECHANICAL SERVICES, LLC.** | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

## COMPLAINT

Plaintiff Evandon H. Hooper ("Plaintiff"), for his Complaint against Defendants Millennium Rail, Inc. and Watco Mechanical Services, LLC ("Defendants"), as a result of Defendants' unlawful employment practices, alleges and states as follows:

### Jurisdiction and Venue

1.    The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) as well as 42 U.S.C. § 2000e-5(f).

2.    The Court has jurisdiction over Defendants because the unlawful employment practices alleged in this Complaint were committed in Wilson County, Kansas, which lies within the District of Kansas.  In addition, Defendants have minimum contacts with the District of Kansas and the State of Kansas.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events and occurrences giving rise to Plaintiff's claims occurred in Wilson County,

Kansas which lies within this judicial district, and because Defendants reside within the District of Kansas.

## Parties

4.      Plaintiff is an African-American male citizen of the United States, residing in the City of Chanute, Kansas.

5.      Defendant Millennium Rail, Inc., is a Delaware corporation and with a principle place of business in the State of Kansas. At all relevant times, Defendant was authorized to conduct business in the State of Kansas and was doing business in the State of Kansas. Defendant is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

6.      Defendant Watco Mechanical Services, LLC, is a Kansas corporation and with a principle place of business in the State of Kansas. At all relevant times, Defendant was authorized to conduct business in the State of Kansas and was doing business in the State of Kansas.  Defendant is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

7.      Upon information and belief, Defendants, although nominally separate entities, are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer. In other words, Defendants are not what they appear to be, but in truth are simply divisions or departments of a single enterprise.

8.      Upon information and belief, Defendants have chosen to handle jointly important aspects of their employer-employee relationships, and are therefore the joint employers of each of their employees, including Plaintiff.

9.     Upon information and belief, Defendants maintain a substantial interrelation of operations.

10.     Upon information and belief, Defendants maintain common management between themselves.

11.     Upon information and belief, Defendants have centralized control of labor relations between themselves.

12.     Upon information and belief, Defendants have common ownership and/or financial control.

13.     Upon information and belief, Defendants currently employ, and during all relevant times have employed, 501 or more persons.

14.     Defendants conduct and/or maintain, and/or during all relevant times conducted and/or maintained, a place of business at 701 Klayder Drive, Neodesha, Wilson County, Kansas.

15.     Defendants employed Plaintiff at its place of business at 701 Klayder Drive, Neodesha, Wilson County, Kansas from approximately December, 2013 until his termination on approximately February 13, 2014.

### Administrative Procedures

16.     On or about February 24, 2014, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendants on the basis of race and retaliation (attached as Exhibit A and incorporated herein by reference).

17.     On or about June 17, 2014 the EEOC issued to Plaintiff his Notice of Right to Sue (attached hereto as Exhibit B and incorporated herein by reference), and this lawsuit was filed within ninety days of the issuance of the Notice of Right to Sue from the EEOC.

18.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## COUNT I

### *Violation of Section 1981 of the Civil Rights Act of 1866*
### *Racial Discrimination – Hostile Work Environment – Disparate Treatment*

19.     Paragraphs 1 through 18 above are incorporated herein by reference.

20.     Plaintiff is an African-American male, a racial minority, and is a member of a class of persons protected by Section 1981 of the Civil Rights Act of 1866, by virtue of his race.

21.     Defendants employed Plaintiff at its Neodesha location from approximately December 2013 until his termination on approximately February 13, 2014.

22.     Plaintiff satisfactorily performed his job duties with Defendants during his employment.

23.     During his employment with Defendants, Plaintiff had a contractual employment relationship with Defendants, the terms of which included, but were not limited to, the right to be free from unlawful discrimination.

24.     During the course of Plaintiff's employment with Defendants, Defendants' employees subjected Plaintiff to severe and unwelcome harassment on the basis of Plaintiff's race.

25.     During Plaintiff's employment with Defendants, he was adversely subjected to different terms, conditions and/or privileges of employment than were similarly situated non-African-American employees.

26.     Defendants subjected Plaintiff to disparate treatment in the terms, conditions and/or privileges of his employment because of Plaintiff's race.  Plaintiff's race was a motivating factor and/or a determining factor in Defendants' actions, omissions and conduct.

27.     The racially discriminatory conduct was unwelcome to Plaintiff and he objected to that conduct. Nonetheless, that conduct continued.

28.     Plaintiff complained about the racially discriminatory conduct to management, but Defendants failed to take prompt and effective action to remedy the racially discriminatory conduct.

29.     The racially discriminatory conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

30.     At the time that the racially discriminatory conduct occurred and as a result of that conduct, Plaintiff believed his work environment to be hostile and abusive.

31.     The racially discriminatory conduct adversely affected the terms, conditions and/or privileges of Plaintiff's employment with Defendants and unreasonably interfered with Plaintiff's ability to perform his job duties.

32.     Defendants allowed its workplace to become permeated with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

33.     Plaintiff complained to Defendants' management about the racially discriminatory conduct, and Defendants knew or should have known of the racist conduct, but Defendants failed to take prompt and appropriate corrective action to end the racially discriminatory conduct. Instead, Defendants terminated Plaintiff's employment.

34.     As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendants during the course of his employment with Defendants, based on his race, in violation of 42 U.S.C. § 1981.

35.     Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

36.     Defendants failed to properly train and/or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 1981.

37.     Defendants' managers responsible for setting or enforcing policy in the area of discrimination were aware of Plaintiff's complaints of racially discriminatory conduct, but failed to respond to those complaints.

38.     By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified and/or authorized the racially discriminatory conduct.

39.     Defendants, by its negligence or otherwise, subjected Plaintiff to disparate treatment, racial discrimination, and maintained or allowed to exist a work environment permeated with discriminatory intimidation.

40.     As a direct and proximate result of Defendants' conduct, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

41.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish, and related compensatory damages.

42.     As shown by the foregoing, Defendants engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

43.     Plaintiff is entitled to recover from Defendants reasonable attorneys' fees, as provided in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT II

### Violation of Section 1981 of the Civil Rights Act of 1866
### Retaliation

44.     Paragraphs 1 through 43 above are incorporated herein by reference.

45.     Plaintiff is an African-American male, a racial minority and is a member of a class of persons protected by Section 1981of the Civil Rights Act of 1866, by virtue of his race.

46.     During his employment with Defendants, Plaintiff had a contractual employment relationship with Defendants, the terms of which included, but were not limited to, the right to be free from unlawful retaliation for complaining about discrimination or participating in proceedings under the civil rights laws.

47.     At the time plaintiff complained to Defendants' management about the racially discriminatory conduct to which he was subjected, Plaintiff was satisfactorily performing all duties of his job.

48.     After Plaintiff complained to Defendants about the racially discriminatory conduct, Defendants retaliated against him for exercising his federally and statutorily protected rights by terminating his employment.

49.     Plaintiff's complaints regarding racially discriminatory conduct were a determining factor in Defendants' decision to terminate Plaintiff's employment. Defendants therefore violated 42 U.S.C. § 1981.

50.     Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including retaliation for making complaints of racially discriminatory conduct.

51.     Defendants failed to properly train and/or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws.

52.     Defendants' managers responsible for setting or enforcing policy in the area of discrimination were aware of Plaintiff's complaints of racially discriminatory conduct, but failed to respond to those complaints. Instead, Defendants terminated Plaintiff's employment.

53.     By failing to take prompt and effective remedial action, and instead terminating Plaintiff's employment, Defendants in effect condoned, ratified and/or authorized the racially discriminatory conduct.

54.     As shown by the foregoing, Defendants engaged in these discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

55.     As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

56.  As a further direct and proximate result of Defendants' actions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish, and related compensatory damages.

57.  Plaintiff is entitled to recover from Defendants reasonable attorneys' fees, as provided in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT III

### *Violation of Title VII*
### *Racial Discrimination – Hostile Work Environment – Disparate Treatment*

58.  Paragraphs 1 through 57 are incorporated herein by reference.

59.  Plaintiff is an African-American male, a racial minority and, thus, is a member of a class of persons protected by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., by virtue of his race.

60.  During the course of Plaintiff's employment with Defendants, Defendants' employees subjected Plaintiff to severe and unwelcome harassment on the basis of Plaintiff's race.

61.  During Plaintiff's employment with Defendants, he was adversely subjected to different terms, conditions and/or privileges of employment than were similarly situated non-African-American employees.

62.    Defendants subjected Plaintiff to disparate treatment in the terms, conditions and/or privileges of his employment because of Plaintiff's race.   Plaintiff's race was a motivating factor in Defendants' actions, omissions and conduct.

63.    The racially discriminatory conduct was unwelcome to Plaintiff and he objected to that conduct.  Nonetheless, that conduct continued.

64.    Plaintiff complained about the racially discriminatory conduct to management, but Defendants failed to take prompt and effective action to remedy the racially discriminatory conduct.

65.    The racially discriminatory conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

66.    At the time the racially discriminatory conduct occurred and as a result of that conduct, Plaintiff believed his work environment to be hostile and abusive.

67.    The racially discriminatory conduct adversely affected the terms, conditions and/or privileges of Plaintiff's employment with Defendants and unreasonably interfered with Plaintiff's ability to perform his job duties.

68.    Defendants allowed its workplace to become permeated with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive to alter the terms, conditions and/or privileges of Plaintiff's employment and create an abusive working environment.

69.    Plaintiff complained to Defendants' management about the racially discriminatory conduct, and Defendants knew or should have known of the racist conduct, but failed to take prompt and appropriate corrective action to end the racially discriminatory conduct.

70. Defendants failed to exercise reasonable care to prevent and correct promptly the racially discriminatory conduct.

71. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendants during the course of his employment with Defendants, based on his race, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

72. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

73. Defendants failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws including Title VII.

74. Defendants' managers responsible for setting or enforcing policy in the area of discrimination knew or should have known of the racially discriminatory conduct to which Plaintiff was subjected, but failed to remedy that conduct. Instead, Defendants terminated Plaintiff's employment.

75. By failing to take prompt and effective remedial action defendant in effect condoned, ratified and/or authorized the racially discriminatory conduct.

76. As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

77. As a further direct and proximate result of Defendants' actions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

78. As shown by the foregoing, Defendants acted with malice or with reckless indifference to the federally protected rights of Plaintiff.  Plaintiff is therefore entitled to an award of

punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

79.     Plaintiff is entitled to recover from Defendants reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further relief as the Court deems proper.

## COUNT IV

### *Violation of Title VII*
### *Retaliation*

80.     Paragraphs 1 through 79 are incorporated herein by reference.

81.     At the time Plaintiff complained about the racially discriminatory conduct to which he was subjected, Plaintiff was performing all duties of his job satisfactorily.

82.     On or about February 13, 2014, however, Defendants terminated Plaintiff's employment in retaliation for exercising his statutorily protected rights.

83.     Plaintiff's complaints about the racially discriminatory conduct were a determining factor in Defendants' decision to terminate Plaintiff's employment. Defendants therefore violated 42 U.S.C. § 2000e-3.

84.     Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

85.     Defendants failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

86.     Defendants' managers responsible for setting or enforcing policy in the area of employment discrimination knew or should have known of the racially discriminatory conduct to which Plaintiff was subjected, but failed to remedy that conduct. Instead, Defendants terminated Plaintiff's employment.

87.     By failing to take prompt and effective remedial action, and instead terminating Plaintiff's employment, Defendants in effect condoned, ratified and/or authorized the racially discriminatory conduct.

88.     As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

89.     As a further direct and proximate result of Defendants' actions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish, and related compensatory damages.

90.     As shown by the foregoing, Defendants acted with malice or with reckless indifference to the federally protected rights of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from like conduct in the future.

91.     Plaintiff is entitled to recover from Defendants reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

        WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further relief as the Court deems proper.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint in the District of Kansas.

## Place of Trial

Pursuant to D. Kan. Rule 40.2, Plaintiff requests that trial be held in Kansas City, Kansas.

Respectfully submitted,

**BRADY & ASSOCIATES**

*s/Sara T. Ballew*

Bradley K. Kavanaugh        KS #23215
Sara T. Ballew              KS #25787
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*
bkavanaugh@mbradylaw.com
sgold@mbradylaw.com
**ATTORNEYS FOR PLAINTIFF**