IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EVANDON H. HOOPER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Case No. 14-2398-CM |
| | ) |
| **MILLENNIUM RAIL, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff filed a lawsuit alleging he was racially discriminated against by his former employer, defendants Millennium Rail, Inc. and Watco Mechanical Services, LLC.[1]  The matter before the court is defendants' Motion to Dismiss (Doc. 6).  Defendants argue plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).  The court agrees and dismisses plaintiff's case without prejudice.

## I.  Legal Standard

Fed. R. Civ. P. 12(b)(6) governs motions to dismiss for failure to state a claim.  The Supreme Court set forth the new standard for pleadings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), stating that pleadings should include "enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  "Where the well-pleaded facts do not permit the court to infer more

---

[1] Plaintiff believes—to the best of his knowledge—that both defendants are actually part of a single integrated enterprise and thus should be treated as a single employer for purposes of this case.

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Legal conclusions must be supported by factual allegations; only then can the court assume the veracity of the facts and determine whether those facts plausibly entitle a plaintiff to relief. *See id*.

## II. Analysis

Defendants argue that plaintiff's complaint lacks the required factual allegations to state a claim upon which relief may be granted.[2] The court agrees. Plaintiff's complaint contains mere labels, conclusions, and formulaic recitations of the elements of the causes of action. *Iqbal* requires more. Plaintiff's factual allegations "do not sufficiently allege discrimination or retaliation. There is no context for when Plaintiff complained, or to whom . . . There are no facts relating to the alleged discrimination." *Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012).

Plaintiff nevertheless argues that he complies with *Twombly* and *Iqbal* because he incorporated his Equal Employment Opportunity Commission claim. The court agrees with plaintiff that the incorporation does narrow down the scope. But the court also agrees with defendant: what facts will plaintiff show? To be sure, the court is not requesting every fact be pled, but "there are certain details the [p]laintiff should know and could properly plead to satisfy the plausibility requirement." *Id*. at 1194. As written, the court cannot determine whether plaintiff's claim is plausible.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 6) is denied. Plaintiff is directed to file an Amended Complaint within ten days of this order. If plaintiff fails to do so, the court will dismiss the case with prejudice. Once the amended complaint is filed, defendants

---

[2] Defendants also argue plaintiff's complaint fails to comply with Fed. R. Civ. P. 10 because the complaint does not state each claim as a separate count. While the court need not affirmatively decide whether plaintiff has complied with Rule 10, the court notes that plaintiff's complaint, as written, is confusing. The court cannot decipher whether the allegations stem from a singular occurrence or multiple, separate occurrences.

may then answer or otherwise respond within the time period permitted under Federal Rules of Civil Procedure Rule 12.

Dated this 5th day of December, 2014, at Kansas City, Kansas.

                                          s/ Carlos Murguia
                                          **CARLOS MURGUIA**
                                          **United States District Judge**